UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JEROLD WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:11-CV-313 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE CORRECTIONAL INSTITUTIONS | § | |
| DIVISION, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**

This case involves 16 consolidated civil actions against the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") and Officers Santos Montez and Angel Davila for alleged violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the Texas Religious Freedom Restoration Act ("TRFRA"), 42 U.S.C. § 1983 and the First, Eighth and Fourteenth Amendments of the United States Constitution. In 2011, the defendants moved for summary judgment as to all claims asserted in the complaint (ECF No. 20). The Court issued an opinion and order on January 24, 2012, granting the motion with respect to any statutory claim for damages as well as the Eighth Amendment claim against Officer Montez, but denied the motion with respect to all (remaining) claims for injunctive relief (ECF No. 52).[1]

Pending before the Court are the plaintiffs' and defendants' cross-motions for summary judgment which raise many of the same arguments from 2011 (ECF Nos. 167 and 169). The

---

[1] The only claim filed against Officer Montez is the Eighth Amendment claim that the Court dismissed on summary judgment in 2012. Officer Montez is therefore dismissed from this litigation for the reasons set forth in the Court's January, 2012 order.

defendants raise additional arguments based on standing and mootness. Having reviewed the parties' submissions, the record and the applicable law, the Court DENIES the plaintiffs' motion and determines that the defendants' motion should be GRANTED in part and DENIED in part.

## II.     FACTUAL BACKGROUND

The following facts are taken from the Court's January 24, 2012 decision and reprinted here for convenience:

> [O]n December 10, 2010, the Muslim plaintiffs – all of whom were imprisoned in the TDCJ's Terrell Unit – were participating in a religious Jumah service from 12:30 to 3:00 p.m. in the prison gymnasium when Officer Davila allegedly interrupted the service for an unscheduled or "special" head count and strip search.
>
> Before the Jumah service began, Officer Davila recorded each Muslim participant's name, housing assignment and identification card, pursuant to standard TDCJ practice. Later, while the service was still ongoing, Davila allegedly entered the gym with two new employees (Song and Garcia), and verbally disrupted the service, and instructed the Muslim participants to exit the gymnasium to be counted and strip searched with others of the general population. At that time, plaintiff Burton was standing near the door as the interceder or greeter for the religious service.

## III.    CONTENTIONS OF THE PARTIES

The plaintiffs essentially assert that they are entitled to summary judgment because they have established a prima facie case for each of their claims.[2] First, they contend that "they have satisfied their burden to initially show" that, under RLUIPA and the TRFRA, the head count was not the least restrictive means of furthering the government's so-called "compelling" interest in public safety and prison security. Second, they contend that "[they] have shown that the count . . . failed to further a legitimate governmental interest without unduly burdening [their] free exercise rights, in violation of the First Amendment."

---

[2] To prevail as the movants on summary judgment, however, the plaintiffs must do more than simply establish their prima facie case; they bear the burden of demonstrating that material issues of fact do not exist concerning every claim for which they seek a favorable judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Finally, they argue that the count constitutes a violation of equal protection because it was conducted in a manner that treated them differently from prisoners of other religious faiths.

In their cross-motion, the defendants first challenge the Court's subject matter jurisdiction. They claim that TDCJ, to the extent that it is being sued, is not a "person" as defined by § 1983 and thus cannot be sued under that statue for First and Fourteenth Amendment violations. They also claim that the plaintiffs lack standing to sue Officer Davila because he lacks authority to establish or enact TDCJ policy that controls the counting of prisoners while they participate in religious services. Without this authority, they contend, he cannot redress the plaintiffs' injuries. Additionally, the defendants argue that all claims brought by a plaintiff who has either been released or transferred from TDCJ's Terrell Unit have been mooted by that plaintiff's departure.

On the merits, the defendants move for judgment on the plaintiffs' RLUIPA and TRFRA claims because, in their view, the plaintiffs have failed to produce any evidence demonstrating that either TDCJ's policy or Officer Davila's application of that policy substantially burdened their religious practice. Alternatively, they argue that they have substantiated their proffer of a "compelling" reason for TDCJ's head count policy—i.e., to promote public safety and ensure prison security—and have demonstrated that the policy is the least restrictive means of furthering that interest. The defendants further contend that since this interest is a "compelling" one under RLUIPA, it necessarily constitutes a "legitimate" governmental interest for purposes of disproving the plaintiffs' First Amendment claim. Finally, they argue that the evidence proffered to establish a violation of the Fourteenth Amendment fails to satisfy an essential element of an equal protection claim: proof of differential treatment.

IV.     ANALYSIS AND DISCUSSION

With the exception of standing and mootness, all of the arguments presently raised by the parties were raised in 2011.  At that time, the plaintiffs established that material fact issues existed that could only be resolved at trial.  On this showing, the Court denied summary judgment vis-à-vis claims for injunctive relief under RLUIPA, the TRFRA and the First and Fourteenth Amendments.  Since then, the parties had an opportunity to conduct additional discovery, the deadline of which expired on December 15, 2012.  The parties cite no new evidence that resolves any fact issue identified by the Court in its January, 2012 decision, however.[3]  Accordingly, the Court finds no reason to reconsider its original rulings.

At this stage, the only summary judgment arguments that warrant the Court's consideration are the defendants' arguments based on standing and mootness.  The Court will address each issue in turn.

**A. Article III Standing**

The defendants contend that Officer Davila cannot be sued because he lacks the capacity to redress the alleged injuries given his rank at TDCJ.  They support this argument with an affidavit from Deputy Director of Prison and Jail Operations Robert Eason and a citation to *Okpalobi v. Foster*, 244 F.3d 405, 427 (5th Cir. 2001), which states that "a state official cannot be enjoined to act in any way that is beyond his authority to act in the first place."

The argument arises from Article III of the Constitution.  Article III limits the jurisdiction of federal courts to actual "Cases" and "Controversies."  U.S. CONST. art. III, § 2.  "'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'"  *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013) (quoting *Raines v. Byrd*,

---

[3] Without new summary judgment evidence, it is no doubt ironic that the plaintiffs now claim that material issues of fact do not exist having previously argued that material fact issues existed vis-à-vis the very same claims.  Similarly, the defendants previously argued that disputed facts did not exist but now insist that fact issues do exist.

521 U.S. 811, 818 (1997)). "The doctrine of standing asks 'whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013) (quoting *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 11 (2004)). Every party that comes before a federal court bears the burden of establishing the existence of an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper*, 133 S. Ct. at 1147 (quoting *Monsanto Co. v. Geertson Seed Farms,* 561 U.S. 139, 149 (2010)) (internal quotation marks omitted); *accord Cibolo Waste*, 718 F.3d at 473.

The defendants urge the Court to dismiss the claims against Officer Davila based on only one of the multiple grounds for injunctive relief requested in the complaint. According to paragraph 7.7 of the complaint, the plaintiffs' request for injunctive relief includes a request that "the individual correctional officers are instructed as to the policy and procedure regarding religious services." Officer Davila is being sued for executing a TDCJ policy in a way that has allegedly burdened the plaintiffs' free exercise and equal protection rights. The plaintiffs have supplied a TDCJ Security Memorandum, dated September 17, 2010, that states that officers are required to comply with TDCJ's existing policies and that sets forth, as part of those policies, the inmate counting procedures. The memorandum demonstrates that Officer Davila has capacity to apply TDCJ procedures in a way that does not run afoul of the plaintiffs' First and Fourteenth Amendment rights in the event that the plaintiffs prevail at trial. The Court therefore determines that the plaintiffs' claims against Officer Davila are redressable and that standing exists to sue him.

**B. Statutory Standing under § 1983**

The defendants additionally contend that standing is lacking to sue TDCJ under § 1983, the statute through which the plaintiffs bring their First and Fourteenth Amendment claims. According to paragraph 7.2 of the complaint, however, these claims "[are] not brought against the Defendant governmental entity, TDCJ-CID but against the individual named Defendant Angel Davila." Because the plaintiffs have not brought constitutional claims against TDCJ, the Court finds that the defendants' statutory standing argument to be a moot point that requires no further consideration.[4]

### C. Mootness

The defendants contend that all claims brought by a plaintiff who has either been released/paroled or transferred from TDCJ's Terrell Unit have been rendered moot by their departure. Moreover, they assert, there is no indication that these plaintiffs will return to the unit or face Officer Davila's alleged application of TDCJ's inmate counting procedures. Absent a showing that an inmate's parole status brings his claim under the "narrow 'capable of repetition, yet evading review' exception to the mootness doctrine," an inmate's parole from an offending institution "render[s] . . . claims for declaratory and injunctive relief moot." *Herman v. Holiday*, 238 F.3d 660 (5th Cir. 2001); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999). Unless there is a "concrete indication" that parole will be revoked or the inmate will be subjected once again to the conditions of confinement, the claim does not fall within the "capable of repetition, yet evading review" exception to the mootness doctrine. *See Hunter v. Owens*, 460 Fed. Appx. 421 (5th. Cir. 2012). Here, the paroled or transferred plaintiffs have not rebutted the defendants' documentary evidence of release or transfer with evidence showing that their claims

---

[4] To the extent that the plaintiffs now claim that TDCJ, as a governmental entity, took part in violating their rights under the First and Fourteenth Amendments, the assertion will not be considered because it does not appear in the (pro se) complaint even under the most liberal reading of it. *Cf. Sama v. Hannigan*, 669 F.3d 585, 599 (5th. Cir. 2012) ("[A]llegations in a *pro se* complaint are to be held to less stringent standards than formal pleadings drafted by lawyers.").

survive their departure from the Terrell Unit. Because these plaintiffs have not met their burden, the Court determines that their claims have been mooted.

## V.   CONCLUSION

Based on the foregoing discussion, the plaintiffs' motion (ECF No. 167) is **DENIED** and the defendants' motion (ECF No. 169) is **GRANTED in part** and **DENIED in part**. Plaintiffs Jerold Williams (No. 3:11-cv-00313), Alejandro Avila (No. 3:11-cv-00316), Joshua Mazique Burton (No. 3:11-cv-00317), Xavier Cooper (No. 3:11-cv-00318), Benjamin Martin (No. 3:11-cv-00320), Benjamin Vallie, Jr. (No. 3:11-cv-00322), Billy Wayne Morgan (No. 3:11-cv-00327), Jerome Degree (No. 3:11-cv-00342), Leon Harper (No. 3:11-cv-00346), and Eliazar M. Rincon (No. 3:11-cv-00348), and defendant Santos Montez, are hereby dismissed from this action.

It is so **ORDERED**.

SIGNED on this 22nd day of April, 2015.

_____
Kenneth M. Hoyt
United States District Judge